UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTOINE EDWARDS** | **CIVIL ACTION** |
| v. | **NO. 22-2199** |
| **TIM HOOPER, WARDEN** | **SECTION: "J"(1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that, *unless petitioner amends his federal petition to omit any and all unexhausted claims*, the petition be **DISMISSED WITHOUT PREJUDICE**.

### I. State Court Factual and Procedural Background

Petitioner, Antoine Edwards, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On June 22, 2017, Edwards was charged by a bill of indictment with the second degree murders of Joshua Johnson and Ryan Johnson (counts one and two), and obstruction of justice in a second degree murder investigation (count three) all in violation of La. Rev. Stat. § 14:30.1.[1] Following a three-day trial, a unanimous jury found Edwards guilty as

---
[1] State Rec., Vol. 1 of 7, Bill of Indictment dated June 22, 2017.

charged as to counts one and two.[2] On September 30, 2019, the trial court denied Edwards's post-trial motions and sentenced Edwards to life imprisonment at hard labor without the benefit of probation, parole or suspension of sentence, each sentence to run concurrent.[3] The state *nolle prosequied* the obstruction of justice charge.[4]

Edwards filed a writ application with the Louisiana Fourth Circuit on November 26, 2019 claiming ineffective assistance of counsel, denial of the right to speedy trial, withholding of evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), and that he is a member of the Moorish Nation, and, therefore, is not governed by the laws of the United States.[5] On December 11, 2019, the Louisiana Fourth Circuit transferred the pleading to the state district court and ordered it to file and act upon the pleading.[6] On January 31, 2020, the state district court denied Edwards's omnibus motion.[7]

Edwards next filed two pleadings entitled "Omnibus Motion" and "Omnibus Motion and Writs" with the Louisiana Fourth Circuit claiming malicious prosecution, ineffective assistance of counsel, malfeasance, withholding of exculpatory evidence, and that he is a Moorish citizen and therefore not governed by the laws of the United States.[8] On June 4, 2020, the Louisiana Fourth

---

[2] State Rec., Vol. 2 of 7, minute entry dated September 10, 2019; minute entry dated September 11, 2019; minute entry dated September 12, 2019; State Rec., Vol. 4 of 7, trial transcript of September 10, 2019; trial transcript of September 11, 2019; State Rec., Vol. 5 of 7, trial transcript of September 12, 2019. .
[3] State Rec., Vol. 2 of 7, minute entry dated September 30, 2019; State Rec., Vol. 3 of 7, Motion for New Trial and/or for Post-Verdict Judgment of Acquittal filed September 30, 2019; Motion for Post Verdict Judgment filed September 30, 2019; Motion for New Trial filed September 30, 2019; State Rec., Vol. 5 of 7, sentencing transcript of September 30, 2019.
[4] State Rec., Vol. 2 of 7, minute entry dated September 30, 2019; Vol. 5 of 7, sentencing transcript of September 30, 2019.
[5] State Rec., Vol. 6 of 7, 4th Cir. Writ Application, 2019-K-1032, filed November 26, 2019.
[6] State v. Edwards, No. 2019-K-1032 (La. App. 4th Cir. Dec. 11, 2019); State Rec., Vol. 6 of 7.
[7] State Rec., Vol. 1 of 7, Judgment of January 31, 2020; State Rec., Vol. 6 of 7, "Omnibus Motion: Motion to Quash, Motion to Acquittal, Motion to Dismissal and Release for Violation of Constitutional Rights" filed October 22, 2019.
[8] State Rec., Vol. 6 of 7, Omnibus Motion filed May 17, 2020; Omnibus Motion & Writs filed May 17, 2020.

Circuit found the claims to be premature, directed Edwards to file an application for post-conviction relief seeking an out-of-time appeal, and denied his writ application.[9]

On September 4, 2020, Edwards filed a pro se post-conviction application seeking an out-of-time appeal, although it was not received by the state district court until November 24, 2020.[10] On November 13, 2020, he filed an amended supplemental brief with the Louisiana Fourth Circuit.[11] On November 17, 2020, the Louisiana Fourth Circuit transferred the pleading to the state district court for consideration as an application for an out-of-time appeal.[12] On March 31, 2021, the state district court granted Edwards's request for an out-of-time appeal.[13]

Edwards filed pleadings entitled "Response to Judgment," "Omnibus Motion: Writ of Error, Writ of Mandamus, Motion to Dismiss Avernment of Jurisdiction," and "Omnibus Motion, Motion of Exoneration and Renumeration, Declaratory Judgment, Direct Verdict, Decision of Merits, Declaration Action of Degree of Relief, Writ of Mandamus Final Decision of Judgment."[14] The state district court denied those motions.[15]

Edwards filed a pleading with the Louisiana Fourth Circuit entitled "Merit of Claim, Direct Verdict, Respond/Answer."[16] On April 28, 2021, the Louisiana Fourth Circuit did not consider the writ application as Edwards failed to specify specific relief.[17]

---

[9] State v. Edwards, No. 2020-K-0257 (La. App. 4th Cir. June 4, 2020); State Rec., Vol. 6 of 7.
[10] State Rec., Vol. 1 of 7, Post-Conviction Application Seeking an Out-of-Time Appeal signed September 4, 2020; See Docket Master Entry dated November 24, 2020.
[11] State Rec., Vol. 1 of 7, Amended Supplemental Brief filed November 13, 2020.
[12] State v. Edwards, No. 2020-K-0594 (La. App. 4th Cir. Nov. 17, 2020); State Rec., Vol. 1 of 7.
[13] State Rec., Vol. 1 of 7, Judgment of March 31, 2021; State Rec., Vol. 2 of 7, minute entry dated March 31, 2021.
[14] State Rec., Vol. 1 of 7, "Omnibus Motion: Writ of Error, Writ of Mandamus, Motion to Dismiss Avernment of Jurisdiction" filed February 5, 2021; "Omnibus Motion, Motion of Exoneration and Renumeration, Declaratory Judgment, Direct Verdict, Decision of Merits, Declaration Action of Degree of Relief, Writ of Mandamus Final Decision of Judgment" signed March 7, 2021.
[15] State Rec., Vol. 1 of 7, Judgment of March 31, 2021.
[16] State Rec., Vol. 6 of 7, "Merit of Claim, Direct Verdict, Respond/Answer" signed March 23, 2021.
[17] State v. Edwards, No. 2021-K-0223 (La. App. 4th Cir. April 28, 2019); State Rec., Vol. 6 of 7.

On April 22, 2021, Edwards filed an untitled pleading with the Louisiana Fourth Circuit seeking to have the charges for which he was convicted dismissed.[18] On April 28, 2021, the Louisiana Fourth Circuit noted that Edwards had been granted an out-of-time appeal and that the claims in his writ applications were conducive to review on appeal, and denied writs.[19]

On May 6, 2021, Edwards filed a pleading with the Louisiana Fourth Circuit entitled "habeas corpus" seeking to be exonerated and alleging claims of malicious prosecution, ineffective assistance of counsel, suggestive identification procedure, and tainted warrants.[20] On May 26, 2021, the Louisiana Fourth Circuit found Edwards's claims were more conducive to review on direct appeal and denied writs.[21]

On October 18, 2021, Edwards's appointed counsel filed an appellate brief.[22] Edwards filed a pro se brief.[23] On February 16, 2022, the Louisiana Fourth Circuit Court of Appeal affirmed Edwards's convictions and sentences.[24] The Louisiana Supreme Court denied Edwards's counseled writ application on May 10, 2022.[25] Edwards filed a pro se writ application with the Louisiana Supreme Court which refused to consider it, finding it to be untimely on May 10, 2022.[26] The Louisiana Supreme Court denied Edwards's application for reconsideration on September 27, 2022.[27]

Edwards filed a writ application with the Louisiana Fourth Circuit on May 4, 2022.[28] On June 13, 2022, the Louisiana Fourth Circuit denied writs, finding that "[b]ecause relator's appeal

---

[18] State Rec., Vol. 6 of 7, Untitled Pleading filed April 22, 2021.
[19] State v. Edwards, No. 2021-K-0219 (La. App. 4th Cir. April 28, 2019); State Rec., Vol. 6 of 7.
[20] State Rec., Vol. 6 of 7, Habeas Corpus, 2021-K-0256, filed May 6, 2021.
[21] State v. Edwards, No. 2021-K-0256 (La. App. 4th Cir. May 26, 2021); State Rec., Vol. 6 of 7.
[22] State Rec., Vol. 1 of 7, Appellate Brief, 2021-KA-0494, dated October 18, 2021.
[23] Edwards's pro se brief could not be located in the state court record.
[24] State v. Edwards, 336 So.3d 479 (La. App. 4th Cir. 2022); State Rec., Vol. 1 of 7.
[25] State v. Edwards, 337 So. 3d 908 (La. 2022); State Rec., Vol. 7 of 7.
[26] State v. Edwards, 338 So. 3d 1184 (La. 2022); State Rec., Vol. 7 of 7.
[27] State v. Edwards, 346 So. 3d 805 (La. 2022).
[28] State Rec., Vol. 6 of 7, 4th Cir. Writ Application, 2022-K-0370 filed May 4, 2022.

4

is final, he must seek relief in post-conviction proceedings pursuant to La. C.Cr.P. art. 924 *et seq*."[29]

Edwards filed pleadings entitled "Omnibus-Post Conviction Relief" and "Amend Supplemental Brief."[30]  On June 1, 2022, the state district court denied relief.[31]  On July 5, 2022, Edwards filed a writ application seeking review of the state district court's June 1, 2022 judgment.[32]  The Louisiana Fourth Circuit denied relief on August 12, 2022.[33]  On August 9, 2022, Edwards filed another writ application.[34]  On August 23, 2022, the Louisiana Fourth Circuit denied Edwards's writ application, finding it successive as it related to his previous filing which was denied by the court on August 12, 2022.[35]

On October 11, 2022, Edwards filed a writ application with the Louisiana Fourth Circuit.[36]  On October 19, 2022, the Louisiana Fourth Circuit, in denying the writ application, found Edwards's claims were repetitive and, to the extent he sought relief under Ramos v. Louisiana, 140 S.Ct. 1390 (2020), he had not shown that he was convicted by a non-unanimous jury.[37]

On November 22, 2022, the Louisiana Supreme Court refused to consider Edwards's writ application, finding "Petitioner has not demonstrated that he sought review in the court(s) below before filing in this Court nor shown the 'extraordinary circumstances' that would justify bypassing that level of review.  La.S.Ct.R. X § 5(b)."[38]

---

[29] State v. Edwards, No. 2022-K-0370 (La. App. 4th Cir. June 13, 2022); State Rec. Vol. 6 of 7.
[30] State Rec., Vol. 1 of 7, "Omnibus Post-Conviction Relief" signed April 10, 2022.  Edwards's amended supplemental brief, referred to by the state district court, could not be located in the state court record.
[31] State Rec., Vol. 1 of 7, Judgment of June 1, 2022.
[32] State Rec., Vol. 6 of 7, 4th Cir. Writ Application, 2022-K-0529, filed July 5, 2022.
[33] State v. Edwards, No. 2022-K-0529 (La. App. 4th Cir. Aug. 12, 2022); State Rec., Vol. 6 of 7.
[34] State Rec. Nol. 6 of 7, 4th Cir Writ Application, 2022-K-0546, filed August 9, 2022.
[35] State v. Edwards, No. 2022-K-0546 (La. App. 4th Cir. Aug. 23, 2022); State Rec., Vol. 6 of 7.
[36] State Rec., Vol. 6 of 7, 4th Cir. Writ Application, 2022-K-0678, filed October 11, 2022.
[37] State v. Edwards, No. 2022-K-0678 (La. App. 4th Cir. Oct. 19, 2022); State Rec., Vol. 6 of 7.
[38] State v. Edwards, 350 So. 3d 183 (La. 2022).  Edwards's related writ application could not be located in the state court record.

On July 28, 2022, Edwards, who describes himself as a sovereign Moorish American National,[39] filed the instant federal application seeking habeas corpus relief.[40] His petition and memorandum in support are largely incomprehensible. His memorandum is poorly organized, and written in a rambling, convoluted, stream-of-consciousness fashion. Additionally, his fifty-two numbered claims included in the memorandum often overlap and are repetitive, making his arguments impossible to discern. Prior to the state filing a response, Edwards filed five additional similarly rambling and disorganized memoranda in support of his petition.[41]

The state filed its response conceding that Edwards's application is timely but arguing, inter alia, that most of his claims are unexhausted.[42] The state claims that Edwards's mixed petition should be dismissed, or, alternatively, he should amend his petition to remove the unexhausted claims.[43] Edwards filed three memoranda in response rearguing his claims.[44]

## Exhaustion

It is black letter law that, "[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin

---

[39] "The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings." United States v. Weast, 811 F.3d 743, 746 n.5 (5th Cir. 2016); see also Gravatt v. United States, 100 Fed. Cl. 279, 282-83 (Fed. Cl. 2011) (explaining the "sovereign citizen" belief system); El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537 (D.N.J. 2011) (explaining the myth of the "Moorish Movement" and other similar fictions such as "sovereign citizens" and their motives). It has been repeatedly held that "[s]overeign-citizen legal arguments ... are indisputably meritless." Westfall v. Davis, Civ. Action No. 7:18-cv-00023, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018), adopted, 2018 WL 2414794 (N.D. Tex. May 29, 2018); accord United States v. Austin, Crim. Action No. 13-194, 2018 WL 6326435 (E.D. La. Dec. 12, 2018); LaVergne v. USA, No. 18-cv-238, 2018 WL 2760336, at *2 (W.D. La. Mar. 13, 2018) ("Courts routinely dismiss sovereign citizen claims as frivolous or otherwise lacking merit."), adopted, 2018 WL 2747058 (W.D. La. June 7, 2018); El v. Louisiana, Civ. Action No. 16-2125, 2017 WL 1969552, at *3 (E.D. La. May 12, 2017); Mason v. Anderson, Civ. Action No. H-15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016).
[40] Rec. Doc. 3.
[41] Rec. Docs. 7, 14, 15, 16, 17.
[42] Rec. Doc. 21.
[43] Id.
[44] Rec. Docs. 22, 23 and 24.

v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted).  For that requirement to be satisfied, a federal petitioner must have provided the state's highest court with "a fair opportunity to pass upon the claim" by presenting the claim to that court in a procedurally proper manner according to state court rules.  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988) (quotation marks omitted).

Moreover, it is clear that the exhaustion requirement must be met with respect *to each and every claim* in a petitioner's federal application.  See Rose v. Lundy, 455 U.S. 509, 520 (1982) ("[O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." (emphasis added) ).  If a petitioner's federal application contains both exhausted and unexhausted claims, then the application is considered a "mixed" petition subject to immediate dismissal.  See id. at 522 ("[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."); see also Pliler v. Ford, 542 U.S. 225, 230 (2004) ("Under Rose, federal district courts must dismiss mixed habeas petitions." ); Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

Therefore, when faced with what appears to be a mixed petition, a court normally first attempts to identify each claim being asserted in the federal application and then next determines whether each of those claims was fairly presented to the state's highest court.  Unfortunately, that approach simply is not feasible here because, due to the rambling nature of Edwards's voluminous filings, it is virtually impossible to discern with any degree of certainty precisely what claims he is attempting to assert in these proceedings.

7

Accordingly, in the instant case, the Court will instead use an alternative approach. First, the Court will determine which claims Edwards fairly presented to the Louisiana Supreme Court, because only those claims can even arguably be considered exhausted. Second, the Court will then determine whether Edwards's federal applications assert any other claims – if so, then those other claims, whatever they may be, are necessarily unexhausted. See Richard v. Cain, Civ. Action No. 14-2513, 2016 WL 1445181, at *2-4 (E.D. La. Apr. 13, 2016) (holding that where petitioner presented only one of his claims to the Louisiana Supreme Court, his remaining claims were necessarily unexhausted).

On direct appeal to the Louisiana Fourth Circuit, Edwards, through counsel, raised the following claims: (1) the state violated his right to due process under Napue v. Illinois, 360 U.S. 264 (1959), by eliciting and using false testimony that misrepresented the credibility of witnesses Mashonda Johnson and Torrie Williams; (2) the prosecutor's repeated elicitation to accusatory testimonial hearsay deprived Edwards of a fair trial.[45] The Louisiana Supreme Court's decision denying Edwards's counseled writ application which raised these claims is considered a final adjudication of those claims and, therefore, those claims are considered exhausted.

Edwards filed a pro se brief with the Louisiana Fourth Circuit on direct appeal raising additional claims including: (1) improper closing argument; (2) the murder weapon was illegally seized and the disc of his jailhouse telephone calls was tainted; (3) ineffective assistance of counsel; and (4) he was not subject to the trial court's jurisdiction due to his Moorish nationality. However, his pro se writ application to the Louisiana Supreme Court was not considered as it was untimely.[46] Claims presented in an untimely writ application have not been "fairly presented" for exhaustion purposes. See, e.g., Jackson v. Vannoy, Civ. Action No. 17-00265, 2018 WL 1441154,

---

[45] State Rec., Vol. 1 of 7, Appellate Brief, 2021-KA-0494, dated October 18, 2021.
[46] State v. Edwards, 338 So. 3d 1184 (La. 2022); State Rec., Vol. 7 of 7

at *7 (E.D. La. Feb. 27, 2018), adopted, 2018 WL 1409270 (E.D. La. Mar. 21, 2018), appeal dismissed, 2019 WL 13218244 (5th Cir. Jan. 31, 2019) (per curiam). Thus, those claims are not exhausted.

Accordingly, in summary, the undersigned finds that only **two** of Edwards's claims are even arguably exhausted for federal purposes: the counseled direct-review claims. However, in addition to those claims, Edwards is obviously attempting to assert numerous other unexhausted claims in his voluminous federal filings including, but not limited to, ineffective assistance of counsel claims. Edwards's federal application therefore asserts both exhausted and unexhausted claims, and, as a result, the application is a "mixed" petition subject to immediate dismissal on that basis.

That said, the undersigned notes that Edwards has an alternative which would allow him to avoid such a dismissal if he desires. Because the two claims identified herein as being exhausted are ripe for federal review, Edward may choose to file **an amended and superseding petition** asserting **only those two claims**. See Rose v. Lundy, 455 U.S. 509, 520 (1982) ("Those prisoners who ... submit mixed petitions ... are entitled to resubmit a petition with only exhausted claims...."); see also Neslo v. Cain, No. 97-31025, 1998 WL 546499 (5th Cir. Aug. 10, 1999); Walker v. Vannoy, Civ. Action No. 15-6809, 2016 WL 1705085, at *2 (E.D. La. Apr. 4, 2016); Williams v. Tanner, Civ. Action No. 14-2963, 2015 WL 5307730 (E.D. La. Sept. 10, 2015).[47] *If Edwards elects to file a motion for leave to amend his federal petition in that manner after receiving this Report and Recommendation*, it is recommended that the motion be granted and that this matter

---

[47] **If Edwards chooses that alternative, it would be sufficient, given his inability to express himself clearly and concisely, for his amended and superseding petition simply to state that he is asserting *only the two claims counsel asserted and exhausted on direct appeal* – such a statement would adequately alert the Court to the nature of his claims without risking extraneous statements or allegations which could, once again, potentially cause exhaustion problems.**

be recommitted to the undersigned United States Magistrate Judge for consideration of those claims.[48]  See Richard v. Vannoy, Civil Action No. 16-2447, 2016 WL 3950762, at *3-4 (E.D. La. June 29, 2016), adopted, 2016 WL 3902593 (E.D. La. July 19, 2016).

*On the other hand, if Edwards elects not to amend his application in the foregoing manner*, then the undersigned instead recommends that the instant petitions be dismissed without prejudice for the reasons stated herein.

## RECOMMENDATION

It is therefore **RECOMMENDED** that, *unless petitioner promptly amends his federal applications to omit any and all unexhausted claims*, the federal application for habeas corpus relief filed by Antoine Edwards be **DISMISSED WITHOUT PREJUDICE** as a mixed petition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); see Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  27th  day of January, 2023.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[48] **Edwards is hereby expressly advised that a federal court will normally entertain only one federal habeas corpus petition challenging a conviction.  Therefore, if he elects to proceed to review of *his two exhausted claims* at this time, he may well be precluded from seeking review of his unexhausted claims in a future federal application.  See 28 U.S.C. § 2244.**